Court will proceed to the sixth case. Lee v. Kink. Mr. Salander. Thank you, Your Honor. May it please the Court, Abe Salander on behalf of Petitioner Anthony Lee. Twenty-two years ago, Mr. Lee was convicted of sexually assaulting L.M. and he was sentenced to 100 years in prison, which was later reduced to 50 years. The State Court and the District Court both said that Mr. Lee's defense at trial was consent, but that's not true. At trial, Mr. Lee did not dispute that L.M. was raped on the night in which he was convicted of sexually assaulting L.M. Mr. Lee also did not dispute that he physically injured L.M. when he beat her. Counsel, our time is short. We need to move to what matters here. For me, at least, the principal thing that matters was whether an evidentiary hearing was requested in the State Court, and if it was requested and refused, why the State Court refused? Sure, Your Honor. An evidentiary hearing was indeed requested in State Court on numerous occasions, and the State Court... Yeah, that's what worries me. On numerous occasions. Are there clear citations in the record to establish this? Certainly, Your Honor. Mr. Lee, you'll think about this before you get up for rebuttal, but pointing to a specific place in the record where we can see the request and exactly what the State Court said in response would help. The briefs, both sides' briefs, are very, let's just say, skimpy on this, and I think if you're, you have requested an evidentiary hearing in Federal Court. That depends on, under 2254E2, on whether the request was properly made in State Court, and it seems to me we really need to track this down with some precision. Okay, well, I can get back to Your Honor with a specific citation, but for sure, Mr. Lee requested it in, during the post-conviction process, and that was the core issue on appeal in front of the appellate court. And as to the question of whether Mr. Lee is entitled to an evidentiary hearing now, it's our position that, at a minimum, he certainly is requested, entitled to an evidentiary hearing, and it's not necessarily under E2 because... No, look, the problem is E2 says roughly no evidentiary hearing if the applicant has failed to develop the factual basis in State Court proceedings, unless one of two things is true, and neither of those two things is being asserted here. So the question is whether the applicant has failed to develop the factual basis of the claim in State Court proceedings. If he's asked for a hearing and the State has refused to give him one, then he's done everything he needs to do under E2. If he hasn't asked for a hearing and has asked, but the State Court said no because, for example, you haven't made the kind of showing needed for a hearing, then he flunks the introductory clause to E2. That's why I think we need to hold, to pin down both what concretely he told the State Court and what the State Court said in response. Well, he certainly did not fail to request an evidentiary hearing in State Court. He pursued one very clearly, Your Honor, and he made out a claim for relief for a stricter claim in State Court, and the State Court, in our opinion, unreasonably, summarily dismissed that claim. Details. The devil is in the details. That's why I'm asking for precise citations and not just a generic claim. This was done numerous times. You can see my problem, I hope. Okay, certainly, Your Honor. If Your Honor would like, I can address the prejudice prong, which was the basis for the... No, go right ahead. I'm hoping you'll bring this back when you get up. You'll bring the details back. Proceed with the rest of your argument. Okay. Your Honor, I think the main issue with the State Court's summary dismissal of Mr. Lee's claim was that it was unreasonable to summarily dismiss Mr. Lee's evidentiary hearing as he had requested, and the State Court identified what it believed were problems with the affidavits. They were actually factual ambiguities, and rather than holding the evidentiary hearing that Mr. Lee had requested to resolve those factual problems, those factual questions, the State Court made assumptions and construed any ambiguities against Mr. Lee. And, for instance, there's the Massenberg's affidavits, which would have corroborated Mr. Lee's testimony that Mr. Manley had spoken to the girl, LM, before... I think what I've said may not be getting through, given the argument you're now making. If Lee said to the State Court, I've got this affidavit from the witness. I would like an evidentiary hearing to develop what the witness would have said if called. Right? So we can find out whether he just would have said what was in the affidavit or said something more complete or helpful. And the state judge said, I don't care what the witness would have said if called. Then you've got a very good situation. If instead he said, I would like an evidentiary hearing, and come the day of the hearing, I will tell you what I will present, but I'm not telling you now. And by the way, we see that kind of request all the time. If that's what he said, then it's perfectly understandable why the State Court didn't hold a hearing and why later it wasn't willing to give him the benefit of every doubt on the affidavits. That's why we need concrete details. Your Honor, it's the former Mr. Lee requested an evidentiary... On your view, if it's the former, you're in great shape, but you need to demonstrate in this record that it's the former. Mr. Salander, help me out on one part of this that may relate to what Judge Easterbrook's asking. In the June 30th, 2016 opinion from the First District Appellate Court in Illinois... Yes. I may be wrong, and if I am, you'll tell me, but isn't there some discussion in here about an evidentiary hearing or the need to look at facts more? Yes, that was precisely the basis of the post-conviction petition in the trial court and then at the State Appellate Court. Didn't the Appellate Court of Illinois, didn't it say, I know you disagree, but we don't need to look at the facts because we're just going to take him as the proffered, and we conclude there's just no possible prejudice here. Yes, exactly, Your Honor. That's exactly what the State Appellate Court did. It made a decision based on the affidavits. It said, we think the affidavits are not credible, and we think they wouldn't make a difference, and so we're going to deny the request for an evidentiary hearing on that basis. Okay, and I'm not meaning to quiz you, but you happen to know where that's at in the opinion? You can come back with that. I can get that back for you. All right. It seems like I have some homework, so maybe I'll save the rest of my time for rebuttal. All right. Thank you, Mr. Salander. Mr. Schneider? May it please the Court. Counsel, Assistant Attorney General Josh Schneider on behalf of the Respondent. Mr. Schneider, let me ask you the same question. Do you agree that an evidentiary hearing was requested? I do, but it will take a little bit of explanation to explain how I got there. I'm not worried about how you got there. Next, when it was requested, was it requested for the purpose of showing, here's what these people would have said if actually called? Yes. So you think Lee has actually gotten to that stage, and the State Judge then said, no. I'm not willing to have that shown on the record. No. That is not what happened. So I'll start briefly with the Post-Conviction Hearing Act in Illinois. When a prisoner or a defendant files a post-conviction petition, that's like filing a civil complaint inasmuch as the end of that process will be an evidentiary hearing for a post-conviction petition or a trial in a civil complaint unless some dispositive motion is granted along the way. The way that the Post-Conviction Hearing Act works is in three stages. So the first stage is the petitioner will file his post-conviction petition. At that stage, the state has no role at all. The state trial court will simply review the petition to see whether it is so frivolous it doesn't require any response at all and can be disposed of at that stage. If the court determines that it is not so frivolous, then it orders the state to respond, and the state can file a motion to dismiss or an answer or whatever it feels is appropriate. If at that stage the state trial court determines that the petition has survived the state's argument that it fails to make the necessary showing of constitutional violation, then it would proceed to the third stage, which is an evidentiary hearing in cases where there's actually evidence to present. As you can imagine, there are cases where the third stage does not actually involve the presentation of evidence, claims of prosecutorial statements, prejudicing the petitioner and closing argument, that sort of thing. So in this case, when a petitioner filed his post-conviction petition, or to be more specific, the amended successive post-conviction petition that ended up being at issue, by filing that petition he was requesting, as a civil litigant would in a civil trial, an evidentiary hearing. He just failed to meet the showing necessary to reach that stage of the post-conviction proceedings. I hope that that's... No, it's not. Well, if there's a follow-up question, I'm happy to do my best to answer it. It's the follow-up question I've already asked you. Are you agreeing that he provides the state court with this affidavit, with these five affidavits, and then says what we need to do is develop in a hearing what these people actually would have said? Well, you need to develop more than that. You need to develop whether he actually told the lawyer about these people. You need to develop whether the lawyer interviewed them. We don't have any record on any of those things. Then you need to develop what they would have said if called. Did he alert the district court, sorry, the state court, to at least the third of these things, which would be shown in an evidentiary hearing? And the reason I'm asking this, it ought to be clear why I'm asking this, because the appellate court in rejecting his petition in the end gives him the benefit of no doubt on that, treats the affidavits as if they were the testimony, picks them apart, and says, well, it wouldn't be all that useful. And, in fact, bare bones affidavits are not very useful as testimony. And that's what the trial court did. So he did not ask for a development. I'm not asking what the trial court did. I'm asking what he did in state court. He did not ask specifically to present further testimony from these witnesses, to flesh out these affidavits and establish their credibility and that sort of thing, no. Okay. We really need to know whether he asked for that. He's asking for that in federal court. Yes. He did not ask for that. If he never asked for that in state court, he has the problem identified in the first clause of 2254E2, which is that the failure to develop the record in state court is on his head rather than the state's. If he did ask, then it's on the state's head rather than his. This is what 2254E2 requires us to decide. And I must say I was very frustrated in reading these briefs that I couldn't tell how that inquiry should come out. Well, I apologize for frustrating the court. We would note that in any event, he's not entitled to an evidentiary hearing because he can't clear the 2254D bar against relitigation of his claim. I'll start briefly with the prejudice prong, since that's the prong that the State Appellate Court explicitly addressed. LM testified that she was violently sexually assaulted. That testimony, after leaving the parking lot of the Hammond Bar and Liquor Store, that testimony was corroborated by the photographs of her injuries, showing bruising to her face, her jaw, her ears, two black eyes, split lip, bruises on her arms from being gripped, and bruises on her back from being forced to crone. That testimony was further corroborated by the circumstances under which she appeared on Teresa Baraga's doorstep at 3 a.m. in a neighborhood miles from where she lived and where she'd first encountered Petitioner. She was naked, she was badly beaten, and she was crying that she'd been raped. There is no reasonable probability that, had the five witnesses that counsel allegedly did not contact been called and testified consistently with their affidavits, that the trier of fact would not have credited this testimony regarding the assault. I turn to the affidavits. The Massenbergs, setting aside the fact that they say that they saw two men speaking with a white woman who got into the back of the car on the wrong date, April 16th rather than the 15th, further failed to identify Petitioner or Massenberg as either of the two men that they encountered. Presumably they would have done that since they provided this affidavit as their first point of contact with the defense, but they did not. And over the ensuing 18 years, when Petitioner had every opportunity to supplement the affidavits with further affidavits from the Massenbergs clearing up this failure, and it was a weakness that he was aware of because in September 2013, the State Appellate Court, when it originally addressed his successive post-conviction appeal before being remanded by the State Supreme Court, had identified exactly these weaknesses, saying the Massenbergs didn't identify the two men that they ran into or even describe them, and that they also had not described the manner in which she got into the car. Can you jump forward to the Pinkston affidavit? Sure. So might Pinkston have made at least somewhat of a difference here? No. If Pinkston had testified consistently with her affidavit, she would have testified that Burl Manny, presumably that was Burlman Manly, had called from jail and said that Petitioner was nowhere around when he had sex with a white woman and that if he was going down for it, that Petitioner would go down with him. The first half of that statement is inadmissible hearsay under Illinois evidentiary rules. It's arguably a statement against penal interest, but Illinois Rule 804b-3 largely tracks the Chambers v. Mississippi analysis where it requires that there be sufficient indicia of trustworthiness for admission. There were no indicia of trustworthiness at all. There were no corroborating circumstances whatsoever. In fact, all of the evidence at trial indicated that Petitioner was nearby when Manly was having sex with her. Well, there's a difference between being nearby and the testimony that the defendant forced the sexual act to be performed on Manly. You're referring to forcing her head into his lap rather than the subsequent rape. If that was what he was referring to, then it's possible it could have had some impact had it been admissible, but the only corroboration was Petitioner's own, or actually Petitioner already said that. Pinkston's statement is she talked to Manly, and that's what Manly said. He wasn't around, so if he wasn't around, he couldn't have forcibly required the victim to engage in that act. It's possible it paints the defendant in a different light. Sure. Setting aside the vaginal intercourse that Manly had with LM, if it was only referring to the forced oral sex, then that might have some impact, although we would submit it's still not sufficient to overcome the statements by LM and the physical evidence. In addition to not having sufficient indicio of trustworthiness, I note that the second statement that Manly was going to take Petitioner down with him wouldn't have been admissible because it was irrelevant. No statement of Manly was admitted against Petitioner in this trial at all. His statement to the police was not admitted. He didn't testify against Petitioner. If there are no further questions regarding prejudice or the performance problem, we'll simply rest on our briefs on those points and ask that the Court affirm the District Court's decision. Thank you. Thank you. Your Honors, I unfortunately do not have a copy of the petition in state court that Mr. Lee filed. With me right now, but I do see that in the state court opinion on pages 16 and 17, it's clear that Mr. Lee was pursuing an evidentiary hearing, third stage evidentiary hearing, but I don't have a copy of the exact petition in front of us right now. So, with that said, I think that our position, though, is that certainly an evidentiary hearing would be very important to develop the full breadth of the witness' testimony. But even on the face of the affidavits, it's clear that the witnesses had important information which would have been useful for Mr. Lee at trial. The Massenbergs would have helped to establish that LM was not taken off the street forcibly and that she got into the car under her own strength and her own decision. The Pinkston affidavit would have established, just on that affidavit alone, that she was in the car by her own choice and she was left alone in the car. That evidence would have been useful for establishing not just that Mr. Lee was not involved in or did not participate in a rape and would have undermined LM's credibility, but it also would have been useful for establishing that there was no kidnapping, which was one of Mr. Lee's convictions. The Pinkston and Elston affidavits would have also assisted in corroborating Mr. Lee's testimony that he did not rape LM, and they would have also gone to the accountability convictions, which were a couple of the accounts as well. If there are no further questions, then I would rest on our briefs. All right. Thanks to all counsel. The case is taken under advisement and the court will stand in recess.